**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: February 21 2007

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: Donald Eugene Spicer, Sr. | ) | Case No.: 01-36674 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | Adv. Pro. No. 06-3327 |
| | ) | |
| Bringman & Bringman Co., L.P.A., | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| Donald Eugene Spicer, Sr., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF DECISION AND ORDER**

The court held a hearing on Plaintiff's Motion for Default Judgment [Doc. #8] and Defendant's motions for leave to file instanter a motion for an extension of time to answer and for an extension of time to move, plead or otherwise respond to the complaint [Doc. ## 9,10]. Attorney William Paul Bringman appeared at the hearing on behalf of Plaintiff. There was no appearance at the hearing by or on behalf of Defendant. For the reasons stated on the record at the hearing and as explained below, Plaintiff's motion will be granted, Defendant's motion for leave to file will be

granted and Defendant's motion for an extension of time will be denied.

Plaintiff is an Ohio law firm that represented Defendant's former spouse in a divorce proceeding and both Defendant and the former spouse in certain litigation relating to real property awarded to the former spouse in the divorce. Defendant ("Debtor") was the debtor and received a discharge in underlying Chapter 7 Case No. 01-36674 in this court. Plaintiff seeks a declaratory judgment from this court that a judgment it obtained against Debtor in the Mount Vernon, Ohio Municipal Court before the filing of his Chapter 7 petition is excepted from Debtor's discharge as a debt for alimony, maintenance or support under 11 U.S.C. § 523(a)(5). The judgment debt was based on attorney's fees for representation of Debtor's former spouse in the divorce and in the separate litigation. The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district. *See* 28 U.S.C. § 157(a) and (b)(1). Proceedings to determine the dischargeability of debts are core proceedings that this court may hear and determine. 28 U.S.C. § 157(b)(2)(I).

Plaintiff filed its complaint in this court on June 16, 2006. The initial summons issued by the Clerk was never served and on July 25, 2006, Plaintiff requested issuance of an alias summons. [Doc. #3]. The Clerk issued the alias summons on July 31, 2006, and it was timely served on Defendant at the address in his petition on August 10, 2006. [*See* Doc. #7]. The alias summons required an answer to the complaint to be filed by August 30, 2006, and set an initial pretrial scheduling conference for September 13, 2006. The court finds that notice, including the service of the alias summons and complaint, has been duly and properly been served upon Defendant at all stages of this adversary proceeding.

At the time of the pretrial conference, no answer, request for an extension or other response to the complaint had been filed. Attorney Bringman appeared by telephone on behalf of Plaintiff at the pretrial conference. [Doc. #16]. There was no appearance on behalf of Debtor at the September 13 pretrial conference. *Id.* Prior to the pretrial conference, on September 11, 2006, Plaintiff had filed a motion for default judgment [Doc. 38]. The court accordingly indicated at the pretrial conference that the Clerk would enter Debtor's default and that the motion for default judgment would be separately set for hearing. [Doc. #16]. The Clerk entered Debtor' default on September 22, 2006. [Doc. ## 17, 18]. However, before the court's written order memorializing the result of the pretrial conference was prepared and entered in accordance with Fed. R. Civ. P. 16(e), applicable under Fed.

2

R. Bankr. P. 7016, Debtor filed on September 14, 2006, his two motions seeking leave to file a motion for extension of time and seeking the extension of time to respond to the complaint out of rule. [Doc. ##9, 10]. Therefore, in its Adversary Proceeding Scheduling Order entered on September 22, 2006, the court specified that it would treat the motions as a request to set aside the entry of default against Defendant. [Doc. #17]. The three motions were then all separately set for hearing to be held at the same time on November 9, 2006, pursuant to notices of hearing issued by the Clerk on September 21 and 22, 2006. [Doc. ##13-15]. The notices of hearing were duly and properly served electronically on both lawyers and by first class mail on both parties. [Doc. ##20-22]. Thus, the first issue the court must determine is whether the Clerk's entry of default should be set aside pursuant to Debtor's motion for extension of time.

The standard for setting aside an entry of default is good cause, not the higher standard required under Rule 60(b) of the Federal Rules of Civil Procedure for setting aside a default judgment. Fed. R. Bankr. P. 7055; Fed. R. Civ. P. 55(c). In the Sixth Circuit, trial courts are directed to consider three equitable factors in deciding whether good cause exists to set aside an entry of default: (1) whether plaintiff will be prejudiced if the entry is vacated; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of defendant led to the default. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). As to the first factor, there is no basis for finding that Plaintiff will be prejudiced if the default is set aside. Plaintiff waited more than four years after it obtained the municipal court judgment and Debtor filed for Chapter 7 relief to commence this adversary, and the initial summons was not even served. As to the second factor, Debtor asserts that he "believes that he has a just defense to the allegations in the Complaint." However, beyond that conclusory statement no defense has been articulated or shown. The opportunity to do so was present at the hearing on the motions, but there was no appearance and no defense set forth. There is no basis in the record upon which the court can find that Debtor has a defense to Plaintiff's claim. As to the third factor, the lack of response must not be due to willfulness by defendant. Debtor's motions assert that he has difficulty comprehending documents, however, the lack of appearance at the hearing deprived Plaintiff and the court of the opportunity to test that assertion. The lack of appearance at the hearing noticed more than a month in advance also undercuts the asserted lack of willfulness in the default. Therefore, as the court cannot find in Debtor's favor on two of the three *United Coin Meter* factors on the record, it will deny Debtor's motions to set aside

the entry of default and address Plaintiff's motion for default judgment.

Plaintiff contends that Debtor's obligation to pay the debt at issue constitutes spousal support or alimony and is excepted from his discharge under § 523(a)(5). Section 523(a)(5) excepts from discharge any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a . . .divorce decree. . . ." As Debtor's underlying Chapter 7 case was commenced prior to October 17, 2005, the court will apply § 523(a)(5) as in effect prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. The court finds that the well-pleaded allegations of the Complaint constitute a valid cause of action under 11 U.S.C. § 523(a)(5) and deems them as true as a result of the default. In addition to the allegations of the complaint, Plaintiff presented and the court admitted as evidence at the hearing on the motion for default judgment the following exhibits: (1) certified copy of the divorce decree between Sharlene Ellen Spicer and Donald Eugene Spicer dated May 27, 2998, from the Knox County, Ohio Common Pleas Court; (2) certified copy of Plaintiff's June 29, 2001, municipal court complaint against Donald Eugene Spicer; (3) certified copy of the municipal court judgment entry dated August 23, 2001, awarding Plaintiff a judgment in the amount of $8,263.00 plus interest against Debtor; and (4) Plaintiff's statement of account. Plaintiff also proffered Attorney Bringman's testimony as to the nature of the underlying litigation for which the fees were incurred and the relative financial circumstances of Debtor and his former wife at the time of the divorce in May, 1998.

The separation agreement incorporated into the divorce decree between Debtor and his former wife Sharlene [Hearing Ex. 1, pp. JM 75 and 77] contains the following relevant provisions:

> 2. <u>SPOUSAL SUPPORT</u>. That HUSBAND shall pay no spousal support to WIFE and WIFE shall pay no spousal support to HUSBAND.
> \*\*\*\*
> 9. <u>PAYMENT OF DEBTS</u>. ... HUSBAND agrees to pay the attorney fees of WIFE incurred by her in pursuit of the divorce action commenced by her leading up to this agreement. WIFE agrees to pay and hold HUSBAND harmless therefrom any additional attorney fees incurred by her for other matters to the date of this agreement. HUSBAND agrees to pay and hold WIFE harmless therefrom any attorney fees incurred by them in defense of the Dilts vs. Spicer case pending in the Knox County Common Pleas Court with Case. No. 98OT040081.

The first issue the court confronts is Plaintiff's standing to assert this claim. The statute specifies the nature of the obligation subject to discharge as being a debt to a spouse, former spouse or child of the debtor. As specified in the section of the divorce decree quoted above, the hold

4

harmless obligation clearly runs to Debtor's former spouse. In *Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103, 1106-07 (6th Cir. 1983), the Sixth Circuit held that the assumption pursuant to a hold harmless provision of a debt actually owed to a third party may constitute a debt in the nature of support owed to a spouse or former spouse. But Plaintiff is obviously not Debtor's spouse or former spouse and neither the statute nor applicable Sixth Circuit case law speak directly to the question whether a third party actually has standing to pursue a dischargeability determination. In *Calhoun* the plaintiff was the debtor's former spouse, not on of the third party creditors. Case law from other circuits and courts generally permits lawyers to whom attorney's fees are owed under divorce decrees to assert directly a nondischargeability claim under § 523, albeit not without dissent in some instances and often without discussion as to the specific question of who has the standing to assert the dischargeability claim. *E.g., Falk & Seimer, LLP v. Maddigan (In re Maddigan)*, 312 F.3d 589, 594 (2d Cir. 2002); *Turner v. Whitney (In re Whitney)*, 265 B.R. 1, 1-2 (Bankr. D. Maine 2001); *Cantwell v. Bearden (In re Bearden)*, 330 B.R. 214 (Bankr. N.D. Ill. 2005); *Holiday v. Kline (In re Kline)*, 65 F.3d 749 (8th Cir. 1995); *Hudson v. Raggio & Raggio, Inc. (In re Hudson)*, 107 F.3d 355 (5th Cir. 1997). The court is persuaded by the sheer volume of this case law and where it exists the reasoning of it, and therefore finds that Plaintiff has standing to assert the non-dischargeability claim. Moreover, a specific fact supporting Plaintiff's standing in this case is that Plaintiff has a pre-petition judgment directly against Debtor, and that judgment as entered in the municipal court was based in part on the divorce decree, which was an attachment to the municipal court complaint. [Hearing Ex. 2]. This court is not free to disregard the state court judgment.

Having determined that Plaintiff has standing to assert the § 523(a)(5) claim, Plaintiff must still prove its claim that Debtor's obligation to pay attorney's fees and hold his former wife harmless from certain fee obligations is alimony, maintenance or support. The non-debtor has the burden of proving that the obligation is in the nature of support. *Calhoun*, 715 F.3d at 1109-10. The allegations of the adversary complaint in that regard were conclusory and not sufficient to establish the claim even when deemed true as a result of the default. In *Calhoun*, the Sixth Circuit presented a three part test to determine whether a debt is non-dischargeable under § 523(a)(5). First, the court must ascertain "whether the state court or the parties to the divorce intended to create an obligation to provide support through the assumption of the joint debts." *Id.* at 1109. If they did not, the inquiry ends there. The second factor focuses on whether the obligation in fact provides support. *Id.* Third,

5

the court must determine whether the amount of support represented by the assumption of debt is reasonable under traditional concepts of support. *Id.* at 1110. Ten years later, the Sixth Circuit limited the *Calhoun* analysis to situations, such as this one, in which the state court did not denominate the award as support. *Fitzgerald v. Fitzgerald (In re Fitzgerald)*, 9 F.3d 517, 520-21(6th Cir. 1993).

Under the first factor, the court must look to any factors that would be used by a state court, including:

> the nature of the obligations assumed (provision of daily necessities indicates support); the structure and language of the parties' agreement or the court's decree; whether other lump sum or periodic payments were also provided; length of the marriage; the existence of children from the marriage; relative earning powers of the parties; age, health and work skills of the parties; the adequacy of support absent he debt assumption; and evidence of negotiation or other understandings as to the intended purpose of the assumption.

*Id.* at 1109; *see also id.* at 1108 n.7.

The fees set forth Plaintiff's account statements [Hearing Ex. 4] are within the provision of the divorce decree quoted above, with the exception of the amount of $540.34 litigation included within the municipal court judgment but unrelated to the divorce or real estate. Extensive case law, a few examples of which are cited above in connection with the standing analysis, supports attorney's fees used to obtain alimony, maintenance or support for a spouse, former spouse or child as being within the ambit of the § 523(a)(5) exception to discharge.

The primary hurdle Plaintiff faces is that the divorce decree specifies that neither party shall pay spousal support to the other. However, the entirety of the agreement shows that its primary focus from the former spouse's perspective was in obtaining housing and the payment of the costs of that housing up through the date of the divorce. The certainty of the availability of continued housing is the sort of daily necessity that a spouse in the financial position of Debtor's ex-wife as proffered by Attorney Bringman would seek in trade for the uncertainty of traditional monthly support payments. Given the parties' relative earning powers, and the lack of any periodic payments to Debtor's spouse provided in the agreement, support for her would be inadequate absent continued housing for Plaintiff and the attorney's fees required to assure same through the divorce process. This disparity is shown

6

by the overall allocation to Debtor of pre-divorce expenses and debts of the parties in the same paragraph containing the attorney fees provision quoted above. Likewise, the fees for the separate litigation which Debtor assumed the obligation to pay and which are included in Plaintiff's account statement related to the real estate allocated to Debtor's former spouse in the divorce decree. Accordingly, the court finds that Plaintiff has shown that the parties intended the attorney's fee obligations in the agreement to be a component of securing post-divorce maintenance and support for Debtor's former spouse. Likewise, given the disparity of the parties' incomes and earning abilities, Plaintiff has shown that the agreement incorporated in the divorce decree did in fact function to provide support to Debtor's former spouse. There is nothing in the record that shows that the $7,722.66 attorney's fees component of the debt assumption undertaken by Debtor exceeds a reasonable amount under more traditional concepts of support based on the income and earning disparities of the parties, and the inability of to Debtor's former spouse to afford the fees required to obtain a divorce and secure her future housing through the process. The court finds based on the foregoing evidence and parts of the record that Plaintiff has met its burden of proving that the debt in issue (less the amount of $540.34) constitutes a debt excepted under 11 U.S.C. § 523(a)(5) from Debtor's discharge. A separate final judgment on the complaint in Plaintiff's favor will be entered by the court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgement [Doc. #8] is **GRANTED**; and

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Motion for Extension of Time Instanter [Doc. #9] is **GRANTED** and the motion [Doc. #10] is hereby authorized to be filed of record with the court nunc pro tunc; and

**IT IS FINALLY ORDERED** that Defendant's Motion for an Extension of Time To Move, Plead or Otherwise Answer the Complaint of the Plaintiff [Doc. #10] is **DENIED.**